# E. K. BAXTER, ADMR. *v.* CALVIN H. BLODGETT ET AL..

*Equity.   Special master.   Conclusiveness of findings.   Exceptions to report.   Deed.   Proof of acknowledgment.   Mortgage.*

1.  Where the evidence tends to support the finding of a master, such finding is conclusive.

2.  Where one of the subscribing witnesses to a deed is without the jurisdiction of the court, and the justice of the peace who took the acknowledgment and acted as the other subscribing witness is dead, evidence that the signature to the deed is in the handwriting of the grantor and that the person taking the acknowledgment was at that time a justice tends to show its execution and acknowledgment.

3.  The defendant applied to the intestate for a loan of $10,000.  The intestate did not then have the ready money, and it was arranged to raise it upon his endorsement.  The defendant accordingly executed four notes for $2,500 each payable to the order of the intestate, who endorsed and delivered the same to the defendant with the understanding that they were to be negotiated by him and taken care of when due by the intestate.  The mortgage in suit was executed to secure the payment of these notes.  The notes were negotiated by the defendant and subsequently paid, one by the intestate in life, the other three by his estate.  *Held*, that the estate was entitled to a decree for the amount due on the notes with annual interest according to their tenor.

4.  No question upon the admission of testimony before a master can be raised in Supreme Court unless the objection is made by exception to the report duly filed in the Court of Chancery.

Petition for foreclosure brought by the orator, Edward K. Baxter, as administrator of William H. Baxter against Calvin H. Blodgett, Geo. C. Briggs, Exr. of Luthera B. Blodgett, Julia B. Smyth, Geo. A. Smyth and Geo. C. Briggs, Admr. of Eva L.

Blodgett.   Heard at the December term, 1890, upon the report of a special master.   Thompson, Chancellor, decreed *pro forma* for the orator against all the defendants in the sum of $11,627.74. By this decree the orator was allowed interest on the notes according to their tenor.   The defendant Briggs appeals.

From the master's report it appeared that the defendant, Calvin H. Blodgett, applied to the intestate for a loan of $10,000. The intestate did not then have the ready money, but proposed to help the defendant to it by endorsement.   Calvin H. Blodgett accordingly executed four promissory notes for the sum of $2,500 each payable with interest annually to the order of the intestate in six, nine, twelve and fifteen months from date.   These notes the intestate endorsed in blank and delivered to Calvin H. Blodgett with the understanding that he was to negotiate them and that the intestate was to pay them as they matured.   Calvin H. did in fact negotiate them all before their maturity.   The notes were dated May 12, 1885, and the intestate deceased January 4, 1886.   Before his death he had paid one of the notes. After the death of the intestate, but before his own appointment as administrator, the orator paid another, which he subsequently presented to the commissioners, and which was allowed by them against the estate.   Still later he paid the two remaining notes out of the funds of the estate.

At the time of the execution of the above notes the mortgage in suit was given to secure their payment.   This mortgage purported to be executed and acknowledged by Calvin H. Blodgett and Luthera B. Blodgett, who was his mother and who at the date of the mortgage owned an interest in the premises covered by it.   She deceased June 28, 1885, leaving a will under which the other defendants in this suit claimed.   On their behalf it was denied that Luthera B. Blodgett ever executed or acknowledged the mortgage deed.   The witnesses to her signature were Julia B. Smyth and Wm. H. Root, who also took the acknowledgment as a justice of the peace.   Wm. H. Root was

dead. Julia B. Smyth was one of the defendants to this suit, and it appeared that neither the orator nor his counsel knew of her whereabouts until the trial before the master, when it transpired that she was in New York. For the purpose of proving the execution and acknowledgment of the mortgage by Luthera B. the orator introduced evidence tending to show that the signature to the deed was in her handwriting; that the signature of Julia B. Smyth and Wm. H. Root were in their respective hands, and that the latter was at that time a justice of the peace. From this evidence the master found that the mortgage was signed and acknowledged by Luthera B.

The defendants offered to show by Calvin H. Blodgett that Luthera B. never read the mortgage nor knew its contents. This evidence was excluded by the master against the objection and exception of the defendants. No exceptions were filed to the ruling of the master in this respect in the Court of Chancey.

*J. J. Wilson* and *W. E. Johnson,* for the orator.

The certificate of the magistrate was conclusive as to the acknowledgment. 2 Wash. Real Prop. 629; R. L. s. 1931; *Sterling* v. *Baldwin,* 42 Vt. 309 and 310; *Wood* v. *Cochran,* 39 Vt. 548; *Gilbert* v. *Vail,* 60 Vt. 261; *Austin* v. *Wilson,* 24 Vt. 236.

The mortgage deed is good in equity whether it was acknowledged or not.

*Hamilton S. Peck,* for defendant Briggs.

After the maturity of the notes the orator was only entitled to simple interest on what he paid to take them up. *Catlin* v. *Lyman,* 16 Vt. 44; *Flannery* v. *Flannery,* 58 Vt. 576; *Gaum* v. *Head,* 21 Mo. 433; *McVicar* v. *Denison* (Mich.) 45 N. W. Rep. 659; *Smith* v. *Smith,* 11 S. E. Rep. 761.

The opinion of the court was delivered by

START, J.   The mortgage sought to be foreclosed purports to have been executed by Calvin H. Blodgett and Luthera B. Blodgett to W. H. Baxter, and is conditioned for the payment of four promissory notes, given for the sum of $2,500 each, payable to the order of W. H. Baxter, and signed by Calvin H. Blodgett.   The special master to whom the cause was referred has found that the mortgage was acknowledged by the mortgagors.

1.   One of the defendants, George C. Briggs, insists that this finding is not supported by the evidence.   The evidence before the master tended to show that the mortgage was properly acknowledged, and was sufficient to justify the master in his finding.   The facts reported by the master as the basis of this finding were solely for his consideration.   It is not for the court to say what weight should be given to the evidence.   The court can only determine whether the evidence was proper for the consideration of the master, and whether it tended to show due acknowledgment of the mortgage.   The evidence considered by the master being proper for his consideration, and tending to support the issue, his finding is conclusive.

2.   It appears from the report, that defendant Calvin H. Blodgett applied to W. H. Baxter, the orator's intestate, for a loan of ten thousand dollars ; that Baxter did not have the money conveniently at hand, and it was arranged to raise the money by Baxter's endorsement upon the notes to be given ; that thereupon, the notes secured by mortgage were executed, Baxter endorsed and delivered them to defendant Blodgett, and he negotiated them while current and before maturity ; that it was the expectation of both parties that Baxter would provide for the payment of the notes at maturity, thus virtually making it a loan by Baxter to defendant Blodgett, and that this manner of raising the money was resorted to for the convenience of Baxter ; that

Baxter, Admr. *v.* Blodgett et al.

Baxter paid one of the notes in his lifetime, one was paid by the orator before he was appointed administrator and allowed to him by the commissioners on Baxter's estate, and he has reimbursed himself from the funds of the estate for the sum so paid, and the other two were paid by the orator as administrator, with the funds of the Estate. The arrangement between the parties at the time the mortgage and notes were given, having been fully carried out by Baxter, or his legal representative, we hold that the transaction, in equity, is to be treated the same as if Baxter had paid Blodgett the money on the notes at the time they were executed and held them until his decease; that annual interest was properly computed according to the terms of the notes; and that the mortgage security is available to the estate for the payment of all of the notes.

3. The question of the correctness of the ruling of the master excluding the testimony of defendant Blodgett is not properly before this court for consideration. No exceptions were filed to the report in the Court of Chancery by the defendants. Sec. 730 of R. L. provides that, "No questions in regard to the admission or rejection of evidence by the masters shall be heard in the Supreme Court, unless such objection is made by exception, duly filed, to the report, in the Court of Chancery."

*The decree of the Court of Chancery is affirmed, and cause remanded.*